IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAVERNE THOMPKINS                                                                                PLAINTIFF

v.                          Civil No. 07-2018

MICHAEL J. ASTRUE
Commissioner of Social
Security Administration                                                                          DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Laverne Thompkins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court is the brief of the Plaintiff (Doc. 7), brief (Doc. 8) and supplement (Doc. 9) of the Commissioner, and the transcript of the Social Security proceedings.

**A.     PROCEDURAL BACKGROUND**

Plaintiff filed an application for DIB on June 25, 2003 under Title II of the Act. (Tr. 50-52) Plaintiff alleged a disability onset date of December 14, 2001, due to carpal tunnel syndrome, degenerative disc disease, and valvular heart disease. (Tr. 50, 80) Plaintiff's application was denied initially and on reconsideration. (Tr. 373) Plaintiff requested a hearing and on November 9, 2004, it was held before Administrative Law Judge Rebsamen. (Tr. 41-43, 373) Plaintiff was represented by counsel and the Plaintiff and vocational expert, Richard Marron, testified at the hearing. (Tr. 371-93). Plaintiff's request for a review by the Appeals Council was denied on January 25, 2007. The decision of the ALJ became the final decision of the Commissioner. (Tr. 5-7).

In a February 25, 2005 Opinion, the ALJ held that Plaintiff was not disabled, as defined in the Social Security Act, at any time since December 14, 2001. The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light exertional work. (Tr. 19, Finding 6). The ALJ also determined that the Plaintiff was capable of performing her past relevant work as a sewing machine operator. (Tr. 19, Finding 7). Plaintiff seeks judicial review of the Commissioner's final decision.

**B.  EVIDENCE PRESENTED**

At the hearing before the ALJ, Plaintiff testified she was fifty-eight years old, with a high school equivalent education, and has previous work experience as a poultry plant worker, sewing machine operator, home health aide, and certified nurse aide. (Tr. 375-79) The Plaintiff testified that her employment at the poultry plant ended due to the onset of carpal tunnel syndrome, which resulted in release surgery. (Tr. 376) The Plaintiff was later diagnosed with arthritis and cervical compression fractures. (Tr. 378-79) Most recently, the Plaintiff was employed as a sewing machine operator at a jeans factory. (Tr. 379-80) The Plaintiff testified that her job consisted of lifting several pairs of jeans at a time and repairing them, either with a sewing or rivet machine. (Tr. 379-80) Although much of that job was conducted while sitting, she was required to walk to and from various machines and lift jeans. (Tr. 379-80) The Plaintiff alleged that her back pain worsened while performing this job, which required cortisone injections and use of a heating pad. (Tr. 381-82) During the hearing, the Plaintiff testified that she was laid off in December 2004 when the plant was closed and relocated to Mexico. (Tr. 389) Plaintiff applied for and received unemployment benefits for over a year and made no attempts to apply for other employment. (Tr. 389) Plaintiff's alleged date of onset was December 24, 2001.

At the hearing, the Plaintiff testified that she experienced stiffness and numbness in her fingers and hands as a result of her carpal tunnel syndrome. (Tr. 384) With regard to the valvular heart disease, the Plaintiff testified that she has not received treatment in several years, although she said she continued to experience tiredness, shortness of breath and heart palpitations while lying down, as a result. (Tr. 383-84) Dr. Richard Marron, a Vocational Expert ("VE") testified at the hearing that the Plaintiff's prior job as a sewing machine operator is considered light, skilled work. (Tr. 391-92)

**C.  APPLICABLE LAW**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one

year and prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require application of a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet(s) or equal(s) an impairment in the listings; (4) whether the impairment(s) prevent(s) the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity ("RFC"). *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920. In this case, the ALJ found that the Plaintiff could perform her past relevant work as a sewing machine operator; therefore, the burden did not shift to the Commissioner.

**D.     DISCUSSION**

Plaintiff alleges she became disabled on December 14, 2001, due to carpal tunnel syndrome, degenerative disc disease, and valvular heart disease. (Tr. 50, 80) The ALJ found that

AO72A
(Rev. 8/82)

Plaintiff has impairments which more-than-minimally restrict her capacity to perform basic work activities, specifically, degenerative disc disease and valvular heart disease. However, the ALJ determined that those impairments would not render the Plaintiff disabled for DIB purposes. The ALJ noted that the Plaintiff has a childhood history of rheumatic fever and reported back pain, likely caused by mild degenerative disc disease, compression deformities, and osteoporosis. (Tr. 15) The ALJ also found that the Plaintiff alleged arthritis of the shoulder and neck. However, in late 2003, the Plaintiff had normal range of motion in her shoulder, and there was no indication her shoulder symptom would continue to exist for twelve months, as is required to be considered a severe impairment for DIB purposes. (Tr. 16, 378-83) Finally, the ALJ determined that although the Plaintiff testified she had carpal tunnel syndrome release surgery on her right side and continued to experience numbness at times, the record indicated she had not been treated for symptoms since her alleged onset date, had not mentioned any pain, and had full range of motion at her wrists. Therefore, the ALJ held that the carpal tunnel syndrome was not a severe impairment for the Plaintiff in determining entitlement to receive DIB. (Tr. 16, 378-83)

The role of this Court is to determine whether there is substantial evidence in the record to support the decision of the Commissioner, and not to reweigh the evidence or try the issues *de novo*. *Loving v. Dept. of HHS*, 16 F.3d 967, 969 (8th Cir. 1994). The ALJ is required to assess the credibility of the Plaintiff's complaints regarding symptoms and their functional effects in accordance with the Social Security Regulations at 20 CFR § 404.1529. *Polaski v. Heckler,* 751 F.2d 942, 948 (8th Cir. 1984). The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to produce her symptoms. However, the severity of these symptoms, as alleged by the Plaintiff, and the effect on the Plaintiff's ability

to work, are not supported by the objective medical evidence alone. (Tr. 16)  In assessing the credibility of the Plaintiff's assertions regarding her symptoms and their effects on her ability to work, the ALJ looked at several factors.  These factors include the Plaintiff's daily activities; location, duration, frequency and intensity of any pain or other symptoms; precipitating and aggravating factors; type, dosage, effectiveness, and adverse side effects of any pain medication; persistent treatment history; treatment, other than medication, for relief of pain; measures, other than treatment, for relief of pain or other symptoms; functional limitations and restrictions; and prior work record and efforts to work. (Tr. 16)

The Plaintiff alleged that she was unable to work because of her heart condition.  However, the ALJ found that this condition was diagnosed many years prior to her alleged onset date, she continued to perform substantial gainful work activity for many years with this condition, there was no evidence in the record that it is worsening, and she was not receiving any treatment for it. (Tr. 16)  The ALJ noted that the Plaintiff continued to smoke, despite being ordered to stop because of the potential effects on her heart and medication being prescribed to her to assist her in stopping.  Failure to follow prescribed treatment is a basis for a finding of non-disability.  20 CFR § 404.1530 and *Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir. 1997).

The ALJ also noted that the record shows little treatment for the arthritic pain the Plaintiff alleges is disabling.  Specifically, the record indicated the Plaintiff was prescribed Celebrex, but she stopped taking it because it caused heartburn.  The ALJ found that the Plaintiff refused treatment for her osteoporosis. (Tr. 17, 378-87)

The ALJ found that the Plaintiff reported engaging in a variety of activities not typically performed by someone who is too disabled to work.  Although the Plaintiff testified she does

AO72A
(Rev. 8/82)

little housework, her written report indicates that she washes laundry and dishes, changes sheets, irons, vacuums/sweeps, takes out trash, washes her car and mows the yard, with no limitations mentioned. She also reported she prepares meals and drives and walks to run errands, such as shopping for groceries and other supplies and banking. The ALJ noted that performance of activities such as these tends to erode Plaintiff's credibility and supports his conclusion that she can perform some work activities. (Tr. 17)

The ALJ determined that the Plaintiff had a generally good work history and earnings record for several years prior to her alleged onset date, which positively impacts her credibility. However, she testified that she did not quit her job due to disabling limitations, but rather was laid off when the plant was relocated to Mexico. Further, the Plaintiff testified that she received unemployment compensation for at least twelve months after being laid off. (Tr. 389) In Arkansas, an individual must be "physically and mentally able to perform work" in order to be eligible for unemployment benefits. See A.C.A. § 11-10-507. Therefore, the ALJ held that the Plaintiff was asserting that she was able to work during this period of unemployment. (Tr. 17)

After the ALJ considered the evidence as a whole, he found the Plaintiff's subjective allegations regarding her symptoms and limitations to not be fully credible. Thus, he gave limited weight to the Plaintiff's statements regarding her pain and other symptoms as they affect her ability to do basic work. The Court finds the ALJ properly assessed the credibility of Plaintiff's subjective complaints. When assessing Plaintiff's subjective complaints, the ALJ is required to make an express credibility determination detailing his reasons for discrediting the testimony. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). If there are inconsistencies

in the evidence as a whole, the ALJ is permitted to disbelieve Plaintiff's subjective complaints. *Cruse v. Bowen*, 867 F.2d 1183, 1186 (8th Cir. 1989).

Further, the ALJ found that the Plaintiff's treating physician performed a consultative physical examination and determined, based on the Plaintiff's history and clinical findings, that the Plaintiff had moderate limitations of exertion and moderate limitations of prolonged standing/walking. There were no limitations of sitting. (Tr. 17) The Disability Determination Services physician who reviewed the record agreed that the Plaintiff was capable of a full range of medium work. (Tr. 18) However, the ALJ gave this opinion reduced weight because the physician did not have the benefit of the updated information from the consultative physician, which showed reduced range of motion in the spine or the x-ray showing disc disease. (Tr. 18) The ALJ found that the Plaintiff had the RFC to perform a full range of light work which requires the Plaintiff to lift, carry, push or pull up to twenty pounds occasionally and ten pounds frequently, while sitting, or standing/walking up to six hours each in an eight hour day. (Tr. 18) The Court finds the ALJ properly considered all the evidence and concluded with an appropriate assessment of Plaintiff's impairments and RFC.

The testimony from the vocational expert provided that the Plaintiff's previous health aide and CNA jobs were semi-skilled medium work and the sewing machine operator was skilled, light work. The ALJ found that the Plaintiff performed the work of sewing machine operator at a sedentary exertional level. (Tr. 18) The vocational expert testified that the Plaintiff would be capable of performing her past relevant work as a sewing machine operator. The ALJ found that the Plaintiff is capable of performing her past relevant work as it is classified in the

economy or as she performed it. (Tr. 18)  The ALJ met his step five burden with proper use of the vocational expert's testimony.

Based on the medical evidence and Plaintiff's daily activities the Court finds substantial evidence supports the ALJ's RFC determination.

**E.    CONCLUSION**

For the reasons stated above, the Court finds the Commissioner's decision properly supported and is **AFFIRMED**.  Plaintiff's case is hereby DISMISSED WITH PREJUDICE and a separate judgment in accordance with the above will be entered.

IT IS SO ORDERED this 12th day of December 2007.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE